# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TYRONE NOBLE,<br><br>                    Petitioner,<br>vs.<br>G.J. GIURBINO, Warden,<br><br>                    Respondent. | CASE NO. 06cv1625 WQH (CAB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (#12) filed on August 8, 2007 by the United States Magistrate Judge Cathy Ann Bencivengo.

**BACKGROUND**

On August 11, 2006, Petitioner David Tyrone Noble filed a Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254 by a person in state custody alleging in claim one that he is entitled to relief on the grounds of ineffective assistance of counsel and in claim two that he is entitled to a new trial. Petitioner asserted that his trial counsel was ineffective for failing to introduce handwritten letters by the passenger in the car accepting full responsibility for causing the accident which lead to his convictions in state court for inflicting great bodily injury while driving under the influence of alcohol, hit and run driving causing injury and driving with a suspended license.

On November 22, 2006, Respondent filed an Answer and Response to the Petition. Respondent asserted that this Court must deny relief based upon the reasonable and proper

1  decisions of the state court that defense counsel acted competently and that further
2  investigation or additional evidence would not have changed the result.

3      On August 6, 2007, United States Magistrate Judge Cathy Bencivengo issued a Report
4  and Recommendation recommending that the Court enter judgment denying the Petition for
5  Writ of Habeas Corpus.  The Magistrate Judge concluded that the state court's adjudication
6  of claim one involved an unreasonable application of clearly established federal law.  The
7  Magistrate Judge concluded that the finding of the state appellate court "that defense counsel
8  had a sound tactical reasons for not using the letter to impeach Evans because counsel was
9  concerned that the letter was not authentic, is objectively unreasonable." (Doc. # 12 at 14.)
10 The Magistrate Judge concluded, however, that Petitioner had not demonstrated that he was
11 prejudiced from the failure to introduce the letters at trial and that Petitioner was not entitled
12 to habeas relief on the grounds that he received constitutionally ineffective assistance of
13 counsel.

14     The parties were ordered to file any objections to the Report and Recommendation on
15 or before August 31, 2007.

16     Petitioner filed objections to the Report and Recommendation.

**RULING OF THE COURT**

18     The duties of the district court in connection with the Report and Recommendation of
19 a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28
20 U.S.C. § 636(b)(1).  The district court "must make a de novo determination of those portions
21 of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or
22 in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The
23 Court has reviewed *de novo* all aspects of the Report and Recommendation of the Magistrate
24 Judge filed on August 6, 2007 and adopts all portions of the Report and Recommendation
25 except for the conclusion on page 5, line 24-25 that "the state court's adjudication of claim one
26 involved an unreasonable application of clearly established federal law" and those portions in
27 which the Magistrate Judge explained this conclusion at page 13, line 1 to page 14, line 25.
28

The state appellate court stated:

> The record shows Evans [passenger] and Noble [petitioner] had a long-term relationship and have a child together. At trial, Noble admitted he was the driver, he had consumed alcohol the night before the collision and he left the scene to get help. Noble testified he and Evans argued as he drove and she jerked the steering wheel in anger. Evans testified that she may have grabbed and jerked the wheel.
>
> In response to an order to show cause issued by the superior court, Washington [defense counsel] declared he interviewed Evans before trial and she had difficulty remembering the events leading to the accident. Washington received an unsigned handwritten letter purporting to be from Evans that stated she remembered "reaching over at (Noble) which caused the accident." Washington explained to Noble that he could not "just introduce the letter at trial" but he could cross-examine Evans if she testified. In response to Washington's questions at trial, Evans testified it was possible that she might have grabbed the wheel. Washington decided not to attempt to impeach her with the letter because after hearing Evans testify, he was concerned the letter he received might not have been written by Evans because it was unsigned, printed in pencil, worded inconsistently with Evan's speech and "contained a reference to a memory that Ms. Evans claimed in court she did not have."
>
> Washington was not ineffective because he investigated Evans and had a sound tactical reason not to introduce the unsigned letter. The other letters Noble attached to his petition are undated, unsigned, in various differing handwriting and/or generated after judgment was pronounced. Noble has not shown that but for counsel's purported errors, he would have achieved a more favorable result.

(Lodgement No. 14, *In Re Noble*, No. D046401, slip op. at 1-2.)

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (internal quotations and citations omitted). This Court concludes that the state appellate court applied the proper law to the facts of this case and reached a decision that cannot be challenged under 28 U.S.C. § 2254(d). The record supports the findings by the appellate and trial courts that the wide variety of the handwriting and printing of the letters raised concerns about whether they were written by Evans. The decision of the state appellate court that "Washington was not ineffective because he investigated Evans and had a sound tactical reason not to introduce the unsigned letter" is supported by the facts in the record. The state appellate court applied the clearly established law governing ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and reasonably concluded that trial counsel was not

ineffective. Even assuming that Evans wrote the "To Whom It May Concern" note, trial counsel's tactical decision not to pursue this inquiry with Evans at trial was not a serious error which would support the conclusion that his "legal representation fell below an objective standard of reasonableness as gauged by prevailing professional norms." *Id*. at 698. Counsel could have reasonably decided that the jurors would doubt the veracity of the unsigned, undated note; that the prosecutor could use the note to discredit the favorable testimony of Evans that she could not say for sure that she did not grab the steering wheel; and that jurors could have concluded that the note was an attempt by Noble and Evans to mislead the jury. This Court finds that the state courts reasonably concluded that trial counsel had a sound tactical reasons for deciding not to impeach Evans with the unsigned, undated, "To Whom It May Concern" note and that Noble could not establish prejudice from this decision by his trial counsel.

IT IS HEREBY ORDERED that the Court adopts all portions of the Report and Recommendation (Doc. # 12) except for the conclusion on page 5, line 24-25 that "the state court's adjudication of claim one involved an unreasonable application of clearly established federal law" and those portions in which the Magistrate Judge explained this conclusion at page 13, line 1 to page 14, line 25. The Petition for a Writ of Habeas Corpus is Denied. The Clerk shall enter judgment against Petitioner and in favor of Respondent.

DATED: October 30, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge